897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orbain OWENS, Plaintiff-Appellant,
v.
Herman C. DAVIS, Warden; David Whalen; John Motts;
Charles Jones; David Sexton; Disciplinary Board,
Defendants-Appellees.
 No. 89-5766.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1990.
 
 1
 E.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KENNEDY and RYAN, Circuit Judges, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 4
 Orbain Owens, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Pursuant to a "confidential" transfer, Owens was transferred from the Lake County Prison to the Morgan County Regional Correctional Facility (MCRCF). Upon his arrival at MCRCF, Owens discovered there was an incompatible inmate in the prison population. Owens was immediately placed in involuntary administrative segregation until he was transferred to another institution. Thereafter, seeking monetary and injunctive relief, Owens sued the defendant prison officials alleging that he did not have a "due process" hearing prior to his transfer, and that his placement in administrative segregation was improper. The district court granted defendants' motion for summary judgment finding that defendants' actions were not arbitrary nor were they designed in any way to punish Owens.
 
 
 6
 On appeal, Owens reasserts his claims and requests the appointment of counsel.
 
 
 7
 Upon review, we deny the request for appointment of counsel and affirm the district court's judgment. Regarding the first claim, Owens has no inherent constitutional right to a due process hearing prior to his being transferred to another prison. See Montanye v. Haymes, 427 U.S. 236, 243 (1976); Meachum v. Fano, 427 U.S. 215, 225 (1976). Nor was there any state created right to such a hearing. In the event of an administrative transfer, prison policy requires only that the sending warden prepare a memorandum explaining the transfer and that the nature of the transfer be kept confidential. See Tennessee Department of Correction Policy # 403.01(VI)(B). These procedures were followed in this case.
 
 
 8
 Nor was Owens's placement in administrative segregation improper. At the time of his transfer, Owens had incorrectly listed a certain inmate as an incompatible. Upon his arrival at MCRCF, Owens advised the defendants of the mistake and that there was an incompatible inmate in the prison population. Defendants immediately placed Owens in administrative segregation because prison policy mandates that inmates with incompatibles must be housed in protective custody. Owens was kept in administrative segregation until he could be transferred to an institution where he had no incompatibles. We conclude that the complaint was properly dismissed because Owens's own mistake caused him to be transferred to a prison with an incompatible inmate, and defendants had no choice but to confine him in administrative segregation until he could be placed elsewhere.
 
 
 9
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation